**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARSHALL DYLAN PAPIER,** **Plaintiff,** v. **EVOKE THERAPY PROGRAMS** **Defendant.** | Civ. No. 21-3615 (KM) (ESK) **MEMORANDUM AND ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

On February 26, 2021, Plaintiff Marshall Papier initiated this action against Defendant Evoke Therapy Programs by way of a form Complaint asserting claims for intentional infliction of emotional distress, battery, assault, negligence, fraud, unlawful touching, personal injury, and medical malpractice. (Compl. at 4).[1] On March 7, 2021, Plaintiff filed an application (DE 3) to proceed *in forma pauperis*, which the Court granted earlier today, March 10, 2021 (DE 4). Summons was then issued to Defendant. (DE 5).

In permitting the Complaint to be filed without the payment of a fee, the Court is obligated to screen the allegations of the Complaint to determine whether it

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

---

1    Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

"DE" = Docket entry number in this case.

"Compl." = Complaint

> [T]he provisions of § 1915(e) apply to all in forma pauperis complaints, not simply those filed by prisoners. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n. 19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"). *See also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000)( § 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners).

*Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007). *See also Johnson v. Rihanna,* No. CV 18-448, 2018 WL 3244630, at *1 (W.D. Pa. June 13, 2018), report and recommendation adopted, No. CV 18-448, 2018 WL 3239819 (W.D. Pa. July 2, 2018).

This Complaint fails to state an intelligible claim because it is devoid of any factual allegations. (*See generally* Compl.). Therefore, I will dismiss the action without prejudice.

Plaintiff may submit an amended complaint, with attachment if more space is required, that states the facts on which his claims are based.

## ORDER

Accordingly, **IT IS**, this 10th day of March 2021,

**ORDERED** that the Complaint (DE 1) is **DISMISSED without prejudice** upon initial screening pursuant to 28 U.S.C. § 1915(e); and it is further

**ORDERED** that Plaintiff may submit an amended complaint that states the facts on which his claims are based.

The clerk shall close the file.

/s/ Kevin McNulty

_____
**Kevin McNulty**
**United States District Judge**